1  Meredith L. Williams (State Bar No. 292888)
   mwilliams@rutan.com
2  Joelle R. Leib (State Bar No. 340215)
   jleib@rutan.com
3  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
4  Irvine, CA  92612
   Telephone:   714-641-5100
5  Facsimile:   714-546-9035

6  Attorneys for Plaintiff
   ALO, LLC
7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 ALO, LLC, a California limited liability     Case No.  2:25-cv-03204
   company,
12                                               Judge:
                Plaintiff,
13                                               COMPLAINT FOR:
        v.
14                                                 1) **FEDERAL TRADEMARK
   ALO YOGA ALO, LLC, a Colorado                      INFRINGEMENT [15 U.S.C.
15 limited liability company, QIGEN LIU,              § 1114];**
   an individual, SHOUMIN ZHU, an
16 individual, and DOES 1 through 10,               2) **FALSE DESIGNATION OF
   inclusive,                                         ORIGIN AND UNFAIR
17                                                    COMPETITION [15 U.S.C.
                Defendants.                           § 1125(a)];**
18
                                                   3) **COMMON LAW UNFAIR
19                                                    COMPETITION AND
                                                      TRADEMARK
20                                                    INFRINGEMENT;**

21                                                 4) **CONVERSION;**

22                                                 5) **IDENTITY THEFT [Cal. Penal
                                                      Code § 530.5]; AND**
23
                                                   6) **VIOLATION OF CALIFORNIA
24                                                    UNFAIR COMPETITION LAW
                                                      BY *INTER ALIA* SUBMITTING
25                                                    FORGED DOCUMENTS [Cal.
                                                      Bus. & Prof. Code § 17200 *et
26                                                    seq.*; Cal. Penal Code § 115].**

27                                               **DEMAND FOR JURY TRIAL**

28

Rutan & Tucker, LLP
*attorneys at law*

2633/101795-0001T
21965516.4 a04/11/25                        -1-                              COMPLAINT

1    Plaintiff ALO, LLC ("Plaintiff" or "ALO"), by and through its undesigned
2    counsel, hereby alleges as follows:

3                              **NATURE OF THE ACTION**

4        1.    ALO seeks monetary and injunctive relief against Defendant Alo Yoga
5    Alo, LLC (the "Fake ALO Entity") and the individuals who conspired in a scheme
6    to engage in trademark infringement, false designation of origin, unfair business
7    practices, and conversion with regard to ALO's registered ALO and ALO YOGA
8    trademarks (the "ALO Marks"), as well as identity theft based on their willful and
9    unlawful use of ALO's name and identity to steal Plaintiff's ALO trademarks.

10       2.    ALO, also known as "Alo Yoga," is a famous apparel, health and
11   wellness company that has become well known around the world for its activewear,
12   yoga accessories, wellness products, and overall mission to inspire mindfulness.
13   The ALO brand began in Los Angeles almost 20 years ago, and is protected by a
14   global trademark portfolio that includes the ALO Marks.  ALO products are sold
15   throughout the world in more than 100 ALO retail stores and through ALO's
16   website: www.aloyoga.com/.

17       3.    While ALO has previously faced attempts by others to trade off of the
18   goodwill in its well-loved ALO Marks, this case involves outright theft and fraud.
19   Specifically, ALO recently discovered that an individual named Qigen Liu
20   ("Defendant Liu")—on behalf of co-conspirator Shoumin Zhu ("Defendant Zhu")
21   and other, unknown co-conspirators named herein as DOES 1-10 ("DOE
22   Defendants"; with Defendant Liu, Defendant Zhu, and the Fake ALO Entity,
23   "Defendants")—formed the Fake ALO Entity in Colorado on November 18, 2024.
24   Defendant Liu apparently formed this entity with the name "ALO YOGA ALO,
25   LLC" to copy Plaintiff's name and identity in order to effectuate Defendants'
26   planned fraud and theft.  Shortly after, on December 13, 2024, Defendant Zhu filed
27   a false Statement of Information with the California Secretary of State on behalf of
28   ALO, identifying himself as ALO's Chief Executive Officer, which he is not.

4.      Further, Defendants used the Fake ALO Entity not only to infringe the ALO Marks in the United States by adopting those marks in registering their LLC, but also in a coordinated – but thankfully, ultimately unsuccessful – scheme to take control of ALO's Chinese and other international trademark registrations. Specifically, Defendants filed fraudulent applications with the China National Intellectual Property Administration ("CNIPA") in an attempt to (1) change the trademark agent for ALO's Marks registered in China using the false Statement of Information naming Defendant Zhu as an officer of ALO, (2) assign ALO's Marks to the Fake ALO Entity, and (3) license ALO's Marks to other entities not affiliated with ALO, without ALO's authorization or consent.

5.      Defendants also filed fraudulent materials with the World Intellectual Property Organization ("WIPO") to attempt to transfer two of ALO's international trademark registrations to the Defendants/the Fake ALO Entity, and change the owner's email address and agent.  Had Defendants been successful, they could have further interfered with ALO's other global registrations tied to these registrations.

6.      On information and belief, based on this coordinated infringement, interference with, and attempted theft of Plaintiff's registered trademarks, Defendants are preparing to sell or have already sold counterfeit goods with the intent to pass them off as ALO's goods.

7.      ALO therefore brings this action to protect its valuable intellectual property rights and to prevent consumer confusion between ALO's distinctive brand and Defendants' infringing use of the ALO name, as well as to put a stop to Defendants' attempts to steal ALO's name to sell their own counterfeit products or accomplish other, blatantly unlawful ends.

## **THE PARTIES**

8.      ALO is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 9830 Wilshire Boulevard, Beverly Hills, CA 90212.

9.      On information and belief, the Fake ALO Entity is a limited liability company organized under the laws of the State of Colorado with its principal place of business at 1312 17th Street, Unit #2186, Denver, Colorado, 80202.

10.     On information and belief, Defendant Qigen Liu is an individual residing at 60 Saint Stephens Rd, Bridgeport, CT 06605-2731, who filed the Fake ALO Entity's Articles of Organization in Colorado on November 18, 2024 and otherwise collaborated with the other Defendants to effectuate the fraudulent scheme addressed herein.

11.     On information and belief, Defendant Shoumin Zhu is an individual residing at 5420 Village Way, Nashville, TN 37211-6238, who filed the false Statements of Information in California on behalf of ALO on December 13, 2024, March 3, and March 14, 2025, filed the unauthorized request to change the legal agent for ALO's international trademark registrations, and otherwise collaborated with the other Defendants to effectuate the fraudulent scheme addressed herein.

12.     On information and belief, Plaintiff alleges that the Defendants performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to ALO for the damages and relief sought herein.

13.     On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of Defendants was the agent, employee, and/or co-conspirator of each of the other Defendants and was at all times acting within the course and scope of such agency, employment, and conspiracy with the knowledge and approval of each of the other Defendants.

14.     The identities of the individuals and entities named as DOE Defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

15.     On information and belief, in participating in and/or performing the acts and omissions alleged in the Complaint, Defendants were acting as the agents,

1  partners, servants, employees, alter egos, or successors or predecessors in interest of

2  other of the Defendants, and were acting within the course and scope of such

3  relationship, with the knowledge, express or implied, of each such other Defendants,

4  at all times relevant to this Complaint.

5                    **JURISDICTION AND VENUE**

6        16.    This action arises, in part, under the Lanham Act, 15 U.S.C. section

7  1114 *et seq.,* section 1125 *et seq.*  This Court has subject matter jurisdiction

8  pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121 because

9  Plaintiff's claims arise, in part, under the Lanham Act.  This Court has supplemental

10  jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over Plaintiff's claims

11  arising under the laws of the State of California.

12        17.    This Court has personal jurisdiction over Defendants because their

13  tortious conduct caused harm to Plaintiff, whom Defendants knew is headquartered

14  in Los Angeles, California.  Further, Defendants have established contacts with the

15  State of California by filing a false Statement of Information purporting to be

16  Plaintiff with the California Secretary of State, which caused Plaintiff harm.

17        18.    Venue is proper in the Central District of California under 28 U.S.C.

18  section 1391(b) because Defendants targeted their misconduct to harm Plaintiff,

19  whom Defendants knew is headquartered in Los Angeles, California.

20                **PLAINTIFF'S DISTINCTIVE "ALO" BRAND**

21        19.    Since at least as early as 2006, and before Defendants used any similar

22  mark, ALO and/or its predecessor-in-interest with respect to the ALO Marks (Color

23  Image Apparel, Inc. ("CIA")) has continuously and prominently used the ALO

24  Marks to denote the source of its high quality products and services, garnering

25  extensive consumer recognition and goodwill for the ALO Marks.

26        20.    ALO owns several federal trademark registrations on the United States

27  Patent and Trademark Office's ("USPTO") Principal Register, including for the

28  following goods and services (collectively, the "ALO Registrations"):

| Mark | Class(es) | Reg. No. | Reg. Date |
|------|-----------|----------|-----------|
| ALO | Class 25: men's clothing, namely, pants, shirts, vests, jackets, hooded jackets and women's clothing, namely, pants, shirts, vests, jackets, hooded jackets, sports bras. | 3,875,869 | November 16, 2010 |
| ALO YOGA | Class 18:  Athletic bags. Class 25:  men's clothing, namely, pants, shirts, jackets, and women's clothing, namely, pants, shirts, jackets, sports bras, tights; Scarves, leg warmers, headbands. Class 28:  Yoga mats. | 5,172,308 | March 28, 2017 |
| ALO | Class 18:  Athletic bags. Class 25:  Headbands; Leg warmers; Scarves; Tights. Class 28:  Yoga mats. | 5,172,309 | March 28, 2017 |
| ALO | Class 41:  Providing classes in the field of meditation, mindful living, physical fitness, healthy lifestyle, yoga and exercise. | 5,597,575 | October 30, 2018 |
| ALO | Class 35: Retail store and online retail and wholesale store services featuring clothing, apparel accessories, yoga equipment, bags, footwear, headwear, books. | 7,334,270 | March 26, 2024 |
| ALO | Class 5: : Dietary supplements; Food supplements; Health food supplements; Herbal supplements; Homeopathic supplements; Nutritional supplements; Protein supplements; Vitamin supplements. | 7,388,807 | May 14, 2024 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21.     The current status and title information maintained by the USPTO and the Registration Certificates for each of these ALO Registrations are attached hereto as **Exhibit 1** through **Exhibit 6**.  The ALO Registrations are valid and subsisting and in full force and effect, and constitute evidence of Plaintiff's exclusive right to use the ALO Marks throughout the United States with respect to, *inter alia*, yoga apparel and yoga accessories and classes.  Further, four of these registrations are incontestable under the provisions of 15 U.S.C. §1065.

22.     ALO also owns a number of trademarks that are registered with the CNIPA in China (the "Chinese ALO Marks").  The registrations for the Chinese ALO Marks are outlined in the table below:

| Mark | Class(es) | Reg. No. | Reg. Date |
|------|-----------|----------|-----------|
| ALO | 25 | 12173255 | July 21, 2018 |
| ALO | 41 | 48942835 | April 28, 2024 |
| ALO | 18, 25, 27 | G1280420 | September 23, 2018 |
| ALO | 25 | 23607835 | December 21, 2018 |
| ALO | 41 | 37180893 | April 21, 2020 |
| ALO | 41 | 44419039 | April 28, 2024 |
| ALO YOGA | 18, 25, 27 | G1274269 | February 27, 2018 |

23.     ALO also owns a number of international trademark registrations, registered with WIPO, including the following (the "ALO International Registrations"):

| Mark | Class | Reg. No. | Reg. Date |
|------|-------|----------|-----------|
| ALO YOGA | 18, 25, 27 | 1274269 | September 2, 2015 |
| ALO | 18, 25, 27 | 1280420 | October 18, 2018 |

24.    Since ALO's predecessor CIA created the ALO brand, CIA and now ALO have committed significant amounts of time, effort and money over the course of more than 18 years to developing a widely respected reputation for high quality goods and services.  These almost two decades of investment have developed significant goodwill and recognition in the ALO Marks in the United States and around the world, and ALO now holds a significant global trademark portfolio.

25.    Over the years ALO has expanded its offerings from apparel and yoga-related goods and services – as represented by its earliest trademark registrations – to a wide range of luxury-, health-, and wellness-related products and services, including beauty and skincare (e.g., facial cleansers, serums, moisturizers, and oils), nutritional supplements, footwear, hats, bags, jewelry, and fitness classes.

26.    ALO's substantial investments in innovation and commitment to quality have met with significant commercial success and broad consumer awareness of its brand.  ALO has more than 100 retail stores worldwide.

27.    Thus, before the acts complained of in this Complaint, members of the general consumer population recognized the ALO Marks as exclusive source identifiers for apparel and wellness-related goods and services originating from, sponsored or approved by ALO.

28.    ALO has the exclusive right to use the ALO Marks in interstate commerce, and ALO's use has been exclusive since it first adopted the ALO Marks, with the exception of unauthorized uses such as by Defendants as described in this Complaint.

29.    ALO has widely advertised, promoted and marketed goods under its ALO Marks in numerous and diverse media including online, digital, and print, to promote the strength and renown of its ALO Marks.  ALO has achieved a high level of commercial success in selling products and providing services bearing or sold in connection with its ALO Marks, and has built a valuable reputation and substantial goodwill, with which the ALO Marks have become synonymous.

**<u>DEFENDANTS' INFRINGEMENT AND FRAUDULENT ACTIVITIES</u>**

30.    On November 18, 2024, Defendant Liu filed the Fake ALO Entity's Articles of Organization with the Colorado Secretary of State to form a limited liability company named "ALO YOGA ALO, LLC."  Defendants did not seek prior authorization from ALO before filing the Articles of Organization to register an entity name that infringes the ALO Marks.  A true and correct copy of the Fake ALO Entity's Articles of Organization filed by Defendant Liu with the Colorado Secretary of State on November 18, 2024 is attached hereto as **<u>Exhibit 7</u>**.

31.    By incorporating the words "ALO YOGA" and "ALO" in its business name, in a manner clearly intended to confuse consumers that the Fake ALO Entity is actually ALO, Defendants have falsely represented the Fake ALO Entity to the public as ALO and infringed upon the ALO Marks.

32.    Indeed, the high likelihood of confusion between the ALO Marks and the Fake ALO Entity's business name "ALO YOGA ALO, LLC" is evidenced by both the fact that this name was used by Defendants to try to impersonate ALO as described herein, and the below true and correct screenshot of a Google search for "Alo Yoga Alo, LLC" on April 11, 2025 (***Figure 1***), which first shows ALO results:



33.    Additionally, Defendants engaged in the following misconduct with the CNIPA without obtaining ALO's authorization or consent:

a.    In December 2024 and on January 6, 2025, Defendants filed materials with the CNIPA attempting to change the trademark agent for ALO's Chinese ALO Marks registered with the CNIPA.  In support of this agent change request, Defendants submitted a falsified version of ALO's Articles of Organization from the California Secretary of State, replacing Plaintiff's founder Daniel Harris's signature with Defendant Zhu's signature and a Power of Attorney form ("PoA") signed by Defendant Zhu, for the purpose of misleading the CNIPA into believing that ALO had authorized Defendants' agent change request.  A true and correct copy of the false ALO Articles of Organization and PoA is attached hereto as **Exhibit 8**;

b.    On December 6, 2024 and January 16, 2025, Defendants filed materials with the CNIPA to attempt the unauthorized assignment of the Chinese ALO Marks registered with the CNIPA to the Fake ALO Entity.  In support of this trademark assignment request, Defendants submitted a true copy of the ALO Articles of Organization (which were signed by Plaintiff's founder Daniel Harris) and a false trademark assignment document which lifted Mr. Harris's signature from the Articles of Organization for ALO and pasted it on the assignment document for the purpose of misleading the CNIPA into believing that ALO had authorized the fraudulent trademark assignment.  The trademark assignment also lifted the signature portion from the Articles of Organization for the Fake ALO Entity (which was signed by Defendant Liu) and pasted it on the assignment document as the signature for the Fake ALO Entity as the assignee of the Chinese Alo Marks. Defendants also included a copy of the articles of Organization for the Fake ALO Entity.  These three documents were combined and used to attempt to mislead the CNIPA into believing that the requested trademark assignment was valid and authorized.  A true and correct copy of the genuine ALO Articles of Organization and fraudulent trademark assignment are attached hereto as **Exhibit 9**;

c.    On December 16, 2024, Defendants filed applications to withdraw the assignment request, and simultaneously filed new materials with the CNIPA for the unauthorized assignment of the Chinese ALO Marks registered with the CNIPA to the Fake ALO Entity.  This time, Defendants used the same false Articles of Organization for ALO, which replaced ALO founder Daniel Harris's signature with Defendant Zhu's signature, and a false Statement of Information they had filed with the California Secretary of State purportedly on behalf of ALO falsely identifying Defendant Zhu as ALO's manager or member.  Defendants submitted a different false trademark assignment document which copied the signature block from the false ALO Articles of Organization and pasted it in the signature block for the false trademark assignment.  The false trademark assignment also lifted the signature portion from the Articles of Organization for the Fake ALO Entity (which was signed by Defendant Liu) and pasted it on the assignment document as the signature for the Fake ALO Entity as the assignee of the Chinese Alo Marks.  These documents were combined and used to attempt to mislead the CNIPA into believing that the requested trademark assignment was valid and authorized by Defendant Zhu as ALO's alleged authorized signatory.  A true and correct copy of the withdrawal request is attached hereto as **Exhibit 10**, and a true and correct copy of the simultaneously-filed request for a second unauthorized assignment (including the falsified ALO Articles of Organization and Statement of Information, and the fraudulent trademark assignment) are attached hereto as **Exhibit 11**; and

d.    On January 20, 2025, Defendants filed an unauthorized request on behalf of the Fake ALO Entity to record the licensing of the Chinese ALO Marks registered with the CNIPA to an entity not affiliated with ALO.  True and correct copies of this attempted licensing recordal request are attached hereto as **Exhibit 12**.

34.    On February 19, 2025, ALO transmitted a letter to the CNIPA advising the CNIPA of Defendants' fraudulent and unlawful activity.  A true and correct copy of this letter is attached hereto as **Exhibit 13**.

35.    When Plaintiff ALO filed a corrected Statement of Information with the California Secretary of State on February 28, 2025, correcting ALO's managers and members to Co-Founders Daniel Harris and Marco DeGeorge (*see* **Exhibit 14**), Defendants again submitted another false Statement of Information indicating that Defendant Zhu is instead the only manager/member on March 3, 2025 (**Exhibit 15**). When ALO again took action to correct this fraudulent filing, Defendants filed yet another false Statement of Information with that California Secretary of State on March 14, 2025 (**Exhibit 16**).

36.    Defendants also filed fraudulent materials with WIPO to attempt to transfer the ALO International Registrations to the Fake ALO Entity, and to request to change the ownership, owner's email address, and agent for those registrations. True and correct copies of documents filed requesting those changes are attached hereto as **Exhibit 17**, **Exhibit 18**, **Exhibit 19**, **Exhibit 20**, and **Exhibit 21**.  These documents include information from the Fake ALO Entity registered by Defendant Liu, with Defendant Zhu's signature on **Exhibit 21**, indicating the WIPO fraud is part of the same conspiracy as the CNIPA fraud and Defendants' infringement of Plaintiff's ALO Marks.

37.    While ALO has successfully worked to undo Defendants' fraudulent activity, Defendants, at least temporarily, unlawfully changed the agent of some of the Chinese ALO Marks and the ALO International Registrations.  Changing the agent with respect to a registered trademark enables the new agent to record assignments, licenses, etc. without notification to the old agent, and thus was a first step in unlawfully attempting to transfer ALO's registered trademarks without its consent.  Defendants have also perpetrated fraud on the Colorado Secretary of State and repeated fraud on the California Secretary of State, CNIPA, and WIPO in an attempt to steal ALO's name and identity.

38.    Upon information and believe, had Defendants successfully changed all of ALO's information with WIPO, they would have been able to change the

ownership of Plaintiff ALO's registered trademarks around the world, which would have required ALO to combat fraud in each designated country in which information for the ALO International Registrations is connected to ALO's rights within that country.

39.     Further, upon information and belief, Defendants are preparing to sell counterfeit goods under their infringing and fraudulently obtained business name "ALO YOGA ALO, LLC," passing off such counterfeit goods as ALO's goods to trade off of ALO's goodwill.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

### [15 U.S.C. § 1114]

40.     ALO repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 39 above, inclusive, as though set forth in full.

41.     ALO owns the registrations and all of the associated goodwill for the ALO Marks, as described above.

42.     Defendant filed its Articles of Organization with the Colorado Secretary of State under the business name "ALO YOGA ALO, LLC," essentially copying the ALO Marks in a confusingly similar rendition of ALO's corporate name.  Defendant thus incorporated the ALO Marks into its company name without Plaintiff's authorization, and this unauthorized use of registered marks in a company name constitutes trademark infringement.

43.     By the acts and omissions set forth above, Defendants have infringed and continue to infringe ALO's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114.

44.     Defendants' conduct and use of the ALO Marks in its business name "ALO YOGA ALO, LLC," as well as other likely fraudulent activity using the ALO Marks such as selling counterfeit goods, is likely to cause confusion, mistake and deception among the general purchasing public as to the affiliation, connection,

association, origin, sponsorship or approval of Defendants' goods, and interfere with ALO's ability to use its marks to indicate a single quality control source of goods and services.

45.    ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law.  ALO is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants, including but not limited to prohibiting Defendants from using the ALO Marks in their corporate name.

46.    Defendants have profited and are profiting by such infringement and ALO has been, and is being, damaged by such infringement.  ALO is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition

### [15 U.S.C. § 1125(a)]

47.    ALO repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 46 above, inclusive, as though set forth in full.

48.    Defendants' acts as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

49.    Defendants' aforesaid conduct using the infringing Fake ALO Entity name and ALO Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' business and/or goods, in that government officials and/or purchasers are likely to believe that Plaintiff authorizes or controls Defendants' business and/or goods, or that Defendants are associated with or authorized by Plaintiff to advertise, offer, or sell those goods, when they are not.

50.    Defendants' use in commerce of the ALO Marks or marks confusingly similar to the ALO Marks in connection with Defendants' activities and potential counterfeit goods constitutes a false designation of the origin and/or sponsorship of such goods, and falsely describes and represents such business and goods.

51.    Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, ALO's trademark rights, and has caused irreparable harm, damage, and injury to ALO's goodwill and business reputation.

52.    ALO has been and continues to be irreparably injured as a result of Defendants' infringement and wrongful acts, and has no adequate remedy at law. ALO is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

53.    Defendants have profited and are profiting by such infringement and ALO has been and is being damaged by such infringement.  ALO is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

## THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition and Trademark Infringement

54.    ALO repeats and incorporates by  reference each and every allegation contained in paragraphs 1 through 53 above, inclusive, as though set forth in full.

55.    ALO owns the registrations and all of the associated goodwill for the ALO Marks, as described above.

56.    Defendants filed the Fake ALO Entity's Articles of Organization with the Colorado Secretary of State under the business name "ALO YOGA ALO, LLC," essentially copying the ALO Marks in a confusingly similar rendition of ALO's company name.  Defendants thus incorporated the ALO Marks into the Fake ALO Entity's company name without Plaintiff's authorization, and this unauthorized use of registered marks in a company name constitutes trademark infringement.

57.     Defendants' further actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with ALO, and as to origin, affiliation, or sponsorship of Defendants' business and goods, and the apparent identity of the Fake ALO Entity.

58.     Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition and trademark infringement in violation of California common law.

59.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to ALO, including but not limited to injury to ALO's goodwill and business reputation.

60.     ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law.  ALO is therefore entitled to a permanent injunction against further infringing conduct by Defendants, including but not limited to prohibiting Defendants from using the ALO Marks in the Fake ALO Entity's business name or any other business name.

61.     Defendants have profited and are profiting by such infringement and unfair competition, and ALO has been, and is being, damaged by their misconduct. ALO is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of their infringement and unfair competition.

## FOURTH CLAIM FOR RELIEF

### Conversion

62.     ALO repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 61 above, inclusive, as though set forth in full.

63.     Plaintiff owns and has the exclusive right to possess and use the ALO Marks, including its trademarks registered with the USPTO, its Chinese ALO Marks registered with the CNIPA, and its ALO International Registrations registered with WIPO, in commerce in the United States and in the respective jurisdictions where ALO owns and uses those marks.

64.     Defendants substantially interfered with Plaintiff's ownership interest in both the ALO Marks that Plaintiff owns and uses in the United States and its aforementioned global trademarks by intentionally filing fraudulent documents with: (1) the Colorado Secretary of State for Defendants' agent Defendant Liu to create the Fake ALO Entity, creating the appearance that this entity is Plaintiff ALO when it is not; (2) the California Secretary of State, indicating that Defendants' agent Defendant Zhu is in control of ALO when that individual is neither affiliated with or authorized by Plaintiff; (3) the CNIPA to attempt to change the trademark agent for ALO's Marks registered in China, transfer the Chinese ALO Marks from Plaintiff to other entities, and license the Chinese ALO Marks to third parties, thereby depriving Plaintiff of its rightful ownership and use of the Chinese ALO Marks; and (4) the WIPO to attempt to transfer the ALO International Registrations to Defendants/the Fake ALO Entity by requesting to change the ownership, owner's email address, and agent, all of which interfered with Plaintiff's ownership in the ALO Marks.

65.     Defendants' repeated assertion of claims to own ALO's business and the ALO Marks, including the Chinese ALO Marks and the ALO International Registrations, falsely and wrongfully asserted dominion over ALO's business and intangible property in a manner that is inconsistent with the true owner's rights, and contrary to ALO's ownership rights and interests, which constitutes conversion.

66.     Upon information and belief, Defendants coordinated filing both the Fake ALO Entity formation documents in Colorado and the false Statements of Information with California's Secretary of State to mislead at least the CNIPA and WIPO to erroneously believe that Plaintiff had authorized Defendants' assignments of the Chinese ALO Marks and ALO International Registrations.

67.     Further on information and belief, Defendants may have similar, coordinated theft efforts planned to try to steal the ALO Marks as registered with the USPTO and other government entities and agencies responsible for registering trademark rights.

68.     Plaintiff did not authorize Defendants to change the trademark agent, assign ALO's registrations for the Chinese ALO Marks and ALO International Registrations to Defendants, or license them to any other person or entity.

69.     Plaintiff was harmed by Defendants' tortious conduct because Plaintiff was temporarily deprived of its authorized trademark agent for its Chinese ALO Marks and will be harmed if the CNIPA approves Defendant's attempt to fraudulently assign ALO's trademark registrations for the Chinese ALO Marks to Defendants and license them to third parties, requiring ALO to expend extensive time, money, and personnel resources to stop the attempted theft of its ALO Marks.

70.     Defendants' conduct in filing false documents in multiple states and with the CNIPA and WIPO to coordinate the attempted theft of Plaintiff's Chinese ALO Marks and with WIPO to steal other marks was a substantial factor in causing Plaintiff's harm.

## FIFTH CLAIM FOR RELIEF

### Identity Theft

### [Cal. Penal Code § 530.5]

71.     ALO repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 70 above, inclusive, as though set forth in full.

72.     Defendants willfully obtained ALO's personal identifying information, including its name and address, and used that information for unlawful purposes including at least impersonating ALO before government agencies in an attempt to steal Plaintiff's registered trademarks, as well as misrepresenting that the Fake ALO Entity is ALO to the public.

73.     In particular, Defendants knowingly and willfully used Plaintiff's name and registered trademarks to create the Fake ALO Entity in Colorado, used Plaintiff's name and address on false Statements of Information and trademark assignments presented first to California's Secretary of State and then to the CNIPA and WIPO in connection with *inter alia* attempts to change ALO's trademark agent

and ultimately assign ALO's registrations for its Chinese ALO Marks and ALO International Registrations to the Fake ALO Entity and license them to third parties. In so doing, Defendants endeavored to fraudulently mislead the CNIPA and WIPO to believe that Plaintiff had authorized Defendants' efforts to assign the registrations of Plaintiff's Chinese ALO Marks and ALO International Registrations to the Fake ALO entity and license them to other entities when it had not.

74. As a direct result of Defendants' actions, the CNIPA approved the change of trademark agent to third parties without Plaintiff's consent and the request to assign the Chinese ALO Marks is pending.

75. Plaintiff has been damaged as a result of Defendants' misconduct because Plaintiff was deprived of its rightful trademark agent for the Chinese ALO Marks and has incurred substantial costs to prevent the unlawful transfer of the rightful ownership and use of the ALO Marks.

## SIXTH CLAIM FOR RELIEF

**California Statutory Unfair Competition: Fraudulent, Unfair, and Unlawful Business Practices Including Submitting Forged Documents**

**[Cal. Bus. & Prof. Code § 17200 *et seq.*; Cal. Penal Code § 115]**

76. ALO repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 75 above, inclusive, as though set forth in full.

77. Defendants engaged in unlawful, unfair, and fraudulent business practices by at least:

a. Registering Articles of Organization with the Colorado Secretary of State incorporating the Fake ALO Entity with the business name "ALO YOGA ALO," which infringes upon Plaintiff's ALO Marks;

b. Filing multiple false Statements of Information purporting to be on behalf of Plaintiff in violation of California Penal Code Section 115; and

c. Using Plaintiff's name and address to file false materials with the CNIPA and WIPO to change the trademark agent for Plaintiff's Chinese ALO

Marks and ALO International Registrations to third parties and attempting to assign the registrations for those marks in violation of California Penal Code Section 530.5.

78.    As a direct result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiff has suffered harm because it is being impersonated before the public and government agencies within the United States, as well incurring substantial costs to prevent the unlawful transfer of the registrations for its Chinese ALO Marks in China and Internationally.

## **PRAYER FOR RELIEF**

WHEREFORE, ALO prays for judgment against Defendant as follows:

1.    That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

a.    Selling, offering to sell, advertising, displaying, or using the trademarks "ALO," "ALO YOGA," and/or any confusingly similar version of the ALO Marks, including using the "ALO YOGA ALO, LLC" business name, or any other business name or mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks;

b.    Using in any other way any other mark or designation so similar to the ALO Marks that is likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with ALO;

c.    Representing or implying that Defendants are in any way authorized by, sponsored by, affiliated with, endorsed by or licensed by ALO; and

d.    Filing any materials with any government agency or official of any kind relating to ALO or any of ALO's trademarks, including but not limited to filing anything for the Fake ALO Entity (other than materials to dissolve that entity), and engaging with any public office in any way relating to ALO or the ALO Marks.

2.      For an order requiring Defendants to deliver to ALO's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by ALO, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Defendants' possession or control that bear the name "ALO," "ALO YOGA," and/or any confusingly similar version of the ALO Marks, including the "ALO YOGA ALO, LLC" business name or any other mark or name similar thereto, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. section 1118, and other applicable laws;

3.      For an order requiring Defendants to file with the Clerk of this Court and serve ALO, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4.      For an order instructing the Colorado Secretary of State to update its records and take appropriate action in light of the foregoing injunction, including whatever administrative steps are necessary and appropriate to remove, dissolve, and/or mark as fraudulent the Fake ALO Entity to ensure that it cannot be used to perpetrate further fraud, theft, or infringement;

5.      For an order instructing the California Secretary of State to update its records and take appropriate action in light of the foregoing injunction, including whatever administrative steps are necessary and appropriate to block and/or mark as fraudulent Defendant Zhu's filings purportedly on behalf of ALO to ensure that Defendants cannot perpetrate further fraud, theft, or infringement using such filings;

6.      For an award of Defendants' profits and ALO's damages according to proof at trial;

7.      For an order requiring Defendants to account for and pay to ALO all gains, profits and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

1      8.      For an award of pre-judgment and post-judgment interest at the highest

2   rate allowed by law, as applicable;

3      9.      For an award of ALO's attorneys' fees, costs and expenses, including

4   but not limited to expert witness fees, incurred in this action, pursuant to 15 U.S.C.

5   section 1117;

6      10.     For punitive damages in an amount to be proven at trial; and

7      11.     For such further relief as this Court shall deem just and proper.

8

9   Dated:  April 11, 2025                RUTAN & TUCKER, LLP
                                          MEREDITH L. WILLIAMS
10                                        JOELLE R. LEIB

11                                        By: _____ */s/ Meredith L. Williams*_____

12                                             Meredith L. Williams
                                               Attorneys for Plaintiff
13                                             ALO, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>JURY DEMAND</u>**

2      Plaintiff hereby demands trial by jury on all issues triable to a jury.

3

4   Dated:  April 11, 2025                    RUTAN & TUCKER, LLP
                                              MEREDITH L. WILLIAMS
5                                             JOELLE R. LEIB

6                                             By:_____*/s/ Meredith L. Williams*_____
7                                                  Meredith L. Williams
                                                   Attorneys for Plaintiff
8                                                  ALO, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law