NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALO, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>ALO YOGA ALO, LLC, QIGEN LIU, SHOUMIN ZHU, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 2:25-cv-03204-JFW-(MBKx)<br>Honorable John F. Walter<br>Courtroom 7A<br><br>**JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT ALO YOGA ALO, LLC** |

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff ALO, LLC's ("Plaintiff" or "ALO") brought this action against Defendant ALO YOGA ALO, LLC for *inter alia* trademark infringement. (Dkt. 1.) Defendant ALO YOGA ALO, LLC did not respond to the Complaint and has not appeared in this case. Upon Plaintiff's Request to Enter Default, the Clerk entered default against Defendant ALO YOGA ALO, LLC on May 30, 2025. (Dkt. 19, 20.)

Plaintiff's Motion for Default Judgment and Permanent Injunction is now before the Court. After full consideration of the Complaint and the supporting papers filed in connection with Plaintiff's Motion, and good cause appearing, Plaintiff's Motion for Default Judgment and Permanent Injunction is GRANTED. There being no just reason for delay, judgment is entered as set forth below.

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of Plaintiff ALO on all claims asserted in the Complaint in this action against Defendant ALO YOGA ALO, LLC and that the conduct of Defendant ALO YOGA ALO, LLC, i.e. the Fraudulent Entity, constitutes at minimum trademark infringement and false designation of origin under 15 U.S.C. §§ 1114(1) & 1125(a), common law unfair competition, conversion, identity theft under California Penal Code § 530.5, and violation of California's unfair competition law by *inter alia* submitting forged documents in violation of California Penal Code § 115 and California Business and Professions Code §§ 17200 *et. seq*.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that permanent injunctive relief is warranted and thus entered as follows:

1. As alleged in the Complaint, the ALO Trademarks include at least the ALO and ALO YOGA registered trademarks listed in the complaint, i.e.: (1) Plaintiff's ALO Trademark (U.S. Reg. Nos. 3,875,869; 5,172,309; 5,597,575; 7,334,270; and 7,388,807); and (2) Plaintiff's ALO YOGA Trademark (U.S. Reg. No. 5,172,308) (collectively, the "ALO Trademarks")

2. As further alleged in the Complaint, Defendant ALO YOGA ALO, LLC infringed Plaintiff's registered ALO Trademarks, including the "ALO" and

"ALO YOGA" trademarks, *inter alia* by registering a confusingly similar business name consisting of only the ALO Trademarks, and thereafter used that Fraudulent Entity in repeated attempts to steal Plaintiff ALO's trademark registrations with the China National Intellectual Property Administration ("CNIPA"; Complaint, at ¶ 22) and the World Intellectual Property Organization ("WIPO"; Complaint, at ¶ 24).

3. Defendant ALO YOGA ALO, LLC and its agents, representatives, employees, attorneys, and all persons or entities in active concert or participation with them, and any other related entity, are hereby permanently enjoined from:

    a. Advertising, displaying, or using the trademarks "ALO," "ALO YOGA" and/or any confusingly similar version of the ALO Marks in any way, including manufacturing, selling, or offering to sell any goods in connection therewith, and/or using the "ALO YOGA ALO, LLC" business name or any other business or mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks;

    b. Using in any other way any other mark or designation so similar to the ALO Marks that it is likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of ALO YOGA ALO, LLC and/or its products or services by or with ALO;

    c. Representing or implying that ALO YOGA ALO, LLC is in any way authorized by, sponsored by, affiliated with, endorsed by or licensed by ALO;

    d. Engaging in unfair competition with ALO;

    e. Applying to register any mark confusingly similar to the ALO Trademarks;

    f. Filing any materials with any government agency or official of any kind relating to ALO or any of ALO's trademarks, including but not

limited to filing anything for Defendant ALO YOGA ALO, LLC (other than materials to dissolve that entity), and engaging with any public office in any way relating to ALO or the ALO Marks; and

g. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the prohibited activities recited in paragraphs (a)-(f) above.

In addition, to effectuate the above injunction, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that (1) the Colorado Secretary of State is hereby instructed to update its records and take appropriate action in light of the foregoing injunction, including whatever administrative steps are necessary and appropriate to remove, dissolve, and/or otherwise mark as fraudulent the ALO YOGA ALO, LLC; and (2) the California Secretary of State is hereby instructed to update its records and take appropriate action in light of the foregoing injunction, including whatever administrative steps are necessary and appropriate to block and/or mark as fraudulent filings by Shoumin Zhu, Daxue Lin, or any person other than ALO, LLC's current managers (Marco DeGeorge and Daniel Harris) unless and until specifically authorized by ALO, LLC.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction for the purposes of enforcement of this Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Dated: July 23, 2025

_____
Hon. John F. Walter
United States District Court Judge